[Cite as *State v. Hemingway*, 2012-Ohio-476.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 96699 and 96700**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## RICKY HEMINGWAY

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-536518 and 539583

**BEFORE:** Keough, J., Kilbane, P.J., and Blackmon, A.J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Margaret Troia
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113


**ATTORNEY FOR APPELLEE**

Avery H. Fromet
30195 Chagrin Blvd.
Suite 300
Cleveland, OH 44124

KATHLEEN ANN KEOUGH, J.:

{¶ 1}   In this consolidated appeal, plaintiff-appellant, the state of Ohio ("the State"), appeals the trial court's decision dismissing the indictments against defendant-appellee, Ricky Hemingway ("Hemingway"), for violating his right to a speedy trial.   For the reasons that follow, we reverse and remand.

{¶ 2} In February 2010, Hemingway was charged by felony complaint in Case No. 2010 CRA 003222 in the Cleveland Municipal Court for breaking and entering the property of Johnny and Company. A registered warrant was issued for Hemingway's arrest.

{¶ 3} Hemingway was apprised of the pending case while serving a prison sentence in Belmont Correctional Institution. Pursuant to R.C. 2941.401, he requested that the warden send a "Notice of untried indictments, information or complaint and of rights to request disposition" ("Notice") to the appropriate court and prosecuting attorney for Case No. 2010 CRA 003222. No other case number was provided on the Notice. The Notice was sent on March 1, 2010, to the Cleveland Municipal Clerk of Courts and to the Cuyahoga County Prosecuting Attorney.

{¶ 4} On April 14, 2010, Hemingway was arrested on the outstanding registered warrant issued in Cleveland Municipal Court Case No. 2010 CRA 003222 and bound over to the Cuyahoga County Court of Common Pleas for disposition of the case. On April 29, Hemingway was charged by a bindover indictment filed in Cuyahoga County Common Pleas Court in Case No. CR-536518 for three counts each of breaking and entering, theft, and vandalism, and two counts of possessing criminal tools. Three of these charges were the basis for the Cleveland Municipal felony complaint in Case No. 2010 CRA 003222.

{¶ 5} On June 23, 2010, Hemingway was charged by original indictment in Cuyahoga County Common Pleas Court in Case No. CR-538577, which was later dismissed and

re-indicted on July 13, 2010 under Case No. CR-539583 for the offenses of burglary, breaking and entering, theft, vandalism, and possessing criminal tools. The record before this court does not reveal that a Cleveland Municipal felony complaint was pending for this case while Hemingway was in Belmont or when he sent his Notice from the correctional facility.

{¶ 6} On January 25, 2011, and after various pretrials were held, discovery was completed, and a competency evaluation and hearing were conducted, Hemingway moved to dismiss the indictments against him in both cases, alleging a violation of his speedy trial rights pursuant to R.C. 2941.401. Following a hearing, the trial court granted Hemingway's motions.

{¶ 7} The State appeals, contending in its sole assignment of error that the trial court erred in granting Hemingway's motions to dismiss based on speedy trial grounds because (1) Hemingway was not entitled to the protection of R.C. 2941.401, and (2) even if R.C. 2941.401 applied, the time had not expired.

{¶ 8} Speedy trial issues present mixed questions of law and fact. *State v. Hiatt*, 120 Ohio App.3d 247, 261, 697 N.E.2d 1025 (4th Dist.1997). Therefore, we apply a de novo standard of review to the legal issues but give deference to any factual findings made by the trial court. *Cleveland v. Adkins*, 156 Ohio App.3d 482, 2004-Ohio-1118, 806 N.E.2d 1007, ¶ 5 (8th Dist.), citing *Hiatt*. In this case, the trial court made no findings of fact.

{¶ 9}  Hemingway moved to dismiss the indictments against him in both cases pursuant to R.C. 2941.401.   He claimed that he invoked the protections of speedy trial under R.C. 2941.401 when he filed his request for disposition of all remaining charges while he was incarcerated at Belmont.   The State contends that R.C. 2941.401 does not apply because Hemingway failed to comply with its mandates when he sent his request for trial to the municipal court, rather than the common pleas court, and before the grand jury had even issued an indictment.   The State further argues that even if Hemingway complied with the requirements of R.C. 2941.401, the trial court erred in granting Hemingway's motions to dismiss because the statutory 180-day time-frame had not elapsed, so Hemingway's speedy trial rights were not violated.

{¶ 10} After a careful review of the record, relevant cases, and statutory law, we find that Hemingway complied with R.C. 2941.401, but that its protections were mooted when he was released from prison.

{¶ 11} R.C. 2941.401 controls the speedy trial rights of a defendant who is in prison. *State v. Smith*, 140 Ohio App.3d 81, 89, 746 N.E.2d 678 (3d Dist.2000).

{¶ 12} R.C. 2941.401 states, in relevant part:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the

place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

{¶ 13} This 180-day speedy trial time does not begin to run until the incarcerated defendant sends a request to the prosecuting attorney and the trial court for final disposition of an "untried indictment, information, or complaint." *State v. Ramey*, 8th Dist. No. 69080, 1996 WL 112420 (Mar. 14, 1996); *State v. Logan*, 71 Ohio App.3d 292, 296, 593 N.E.2d 395 (10th Dist.1991).

{¶ 14} In *State v. Gill*, 8th Dist. No. 82742, 2004-Ohio-1245, 2004 WL 528449, this court, construing R.C. 2941.401 and the requirements and duties of the inmate and warden regarding giving and sending proper notice, stated:

> [R.C. 2941.401] does not mean the inmate must personally insure the delivery of the documents to both the appropriate court and prosecutor, an unlikely task for a jailed inmate. Rather, the inmate must properly complete and forward all necessary information and documents to the warden for processing as prescribed by the statute. Where the inmate forwards incomplete, inaccurate, misleading or erroneous information, any subsequent errors by the warden or superintendent will be imputed to the inmate. Where, however, as here, the evidence is that the inmate fully complied with the statutory requirements of R.C. 2941.401, by including all the proper information, the error cannot be imputed to the inmate. *Id.* at ¶ 17.

{¶ 15} A review of the record indicates that at the time Hemingway requested that his Notice be sent, Case No. 2010 CRA 003222 was pending in Cleveland Municipal Court under a felony complaint. The warden sent the Notice to the proper court in this matter. In *State v. Fox*, 8th Dist. No. 74641, 1998 WL 895265 (Dec. 17, 1998), this court found that the Parma Municipal Court and Parma city prosecutor were the appropriate parties to serve with the notice of disposition because when the Notice was filed, the felony complaint was pending in the city of Parma and the defendant had not yet been bound over to the court of common pleas or indicted. *Id.* Accordingly, we find that Hemingway complied with the requirements of R.C. 2941.401 by requesting that the warden forward his Notice to the appropriate court.

{¶ 16} We also find that the notice was sent to the proper prosecuting attorney's office. Although the case was pending in the Cleveland Municipal Court, the case was pending under a felony complaint. This court addressed a similar situation in *State v. Doane*, 8th Dist. No. 60097, 1992 WL 161142 (July 9, 1992), where a defendant was charged in the city of Lakewood under a felony complaint prior to the defendant entering a period of incarceration on a county probation violation. In *Doane*, the defendant forwarded the proper documentation and information to the warden, who then sent the notice to the Cuyahoga County Clerk of Courts, the Lakewood Police Department, and to the municipal prosecuting attorney. This court found that the inmate substantially complied with R.C. 2941.401

because although no indictment was pending, there were charges pending against the defendant at the municipal level; thus service to the city prosecutor was sufficient. *Id.* at *3.

{¶ 17} As in *Doane*, the charges were pending against Hemingway at the municipal level. A city prosecutor can certainly pursue and sign felony charges and then transfer the case to the common pleas court for further proceedings, but "a city prosecutor does not have authority to handle the final disposition of felony cases." *State v. Sims*, 9th Dist. No. 22677, 2006-Ohio-2415, 2006 WL 1329655, ¶ 24. Moreover, it is the customary practice within this court's reviewing jurisdiction that any felony complaint pending in the Cleveland Municipal Court is managed and controlled by the county prosecuting attorney's office. Finally, the State has never maintained or argued that it did not have knowledge of or receive Hemingway's Notice.

{¶ 18} Accordingly, we find that Hemingway complied with the requirements of R.C. 2941.401 by sending the Notice to the county prosecutor and the municipal court for Case No. 2010 CRA 003222 (which would later become Common Pleas Case No. CR-536518), thereby invoking the 180-day speedy trial time.

{¶ 19} However, the speedy trial protections and provisions of R.C. 2941.401 only apply when the incarcerated defendant remains in the state facility while the unresolved case is pending.

**{¶ 20}** R.C. 2941.401 expressly limits its application to those individuals who enter a term of imprisonment and remain in prison during the pendency of the untried case.

> When a person has entered upon a term of imprisonment in a correctional institution of this state, *and when during the continuance of the term of imprisonment* there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * * ."   (Emphasis added.)

**{¶ 21}** In *State v. Ramey*, 8th Dist. No. 69080, 1996 WL 112420 (Mar. 14, 1996), appeal not allowed 77 Ohio St.3d 1419, 670 N.E.2d 1006 (1996), this court held that although the incarcerated defendant properly filed his notice of disposition invoking the speedy trial provisions of R.C. 2941.401, once the defendant was released from prison, the application of R.C. 2941.401 was "mooted" and speedy trial was governed by R.C. 2945.71 et seq.   *Id.* at *6, citing *State v. Thompson*, 19 Ohio App.3d 261, 483 N.E.2d 1207 (8th Dist.1984).   *See also State v. Beverly*, 4th Dist. No. 04CA2809, 2005-Ohio-4954, 2005 WL 2293581, ¶ 8, 14-15; *State v. Beckett*, 7th   Dist. No. 06 HA 584, 2007-Ohio-3175, 2007 WL 1806084; *State v. Clark*, 12th Dist. No. CA2007-03-037, 2008-Ohio-5208, 2008 WL 445996, appeal not allowed 121 Ohio St.3d 1409, 2009-Ohio-805, 902 N.E.2d 34.

**{¶ 22}** Like the defendant in *Ramey*, Hemingway was released from prison while the charges remained pending.   Therefore, and although Hemingway properly invoked his speedy trial rights pursuant to R.C. 2941.401, once he was released from prison prior to the expiration

of the 180-day time limit, his speedy trial rights on the charges pending were governed by R.C. 2945.71, which provides that a defendant charged with a felony be brought to trial within 270 days.[1]

{¶ 23} Pursuant to R.C. 2945.71, a person against whom a felony charge is pending must be brought to trial within 270 days after the person's arrest or service of summons. For purposes of computing this time period, each day in which the accused is held in jail in lieu of bail is counted as three days. R.C. 2945.71(E). When the defendant moves for discharge on speedy trial grounds and demonstrates that the State did not bring him to trial within the time limits set forth in the speedy trial statutes, the defendant has made a prima facie case for discharge. *State v. Monroe*, 4th Dist. No. 05CA3042, 2007-Ohio-1492, 2007 WL 942095, ¶ 27. The State then bears the burden of proving that actions or events chargeable to the accused under R.C. 2945.72 sufficiently extended the time it had to bring the defendant to trial. *Id.*

{¶ 24} In Case No. CR-536518, Hemingway sent his Notice on March 1, 2010; therefore, time began to run for speedy trial purposes on March 2, 2010. He moved to dismiss the indictment on speedy trial grounds on January 25, 2011, at which time over 330 days had elapsed.

---

[1] The time between service of the inmate's notice and the inmate's release from prison is counted against the State for speedy trial purposes.

{¶ 25} In Case No. CR-539583, the record before this court does not indicate that a complaint, indictment, or information was pending while Hemingway was incarcerated in Belmont for these charges. Therefore, the Notice does not apply to this case, and Hemingway's speedy trial time did not begin to run until he was served with notice of the indictment.

{¶ 26} Hemingway argued in his motions to dismiss that, excluding any applicable tolling time periods, approximately 297 days had elapsed in both cases. Accordingly, Hemingway made a prima facie showing that he was not brought to trial within the requisite 270 days. Therefore, the burden shifted to the State to show that time had been tolled. The State argues that Hemingway's time was tolled where the record reflects that the continuances were at the defendant's request.

{¶ 27} During the pendency of the cases, various pretrials were held and a competency evaluation and hearing was conducted. A thorough review of the case files and dockets reveal that the majority of the trial court's journal entries provide that the continuances were "at the defendant's request," thereby tolling any time for speedy trial purposes. R.C. 2945.72. Although Hemingway argues that the journal entries erroneously included this boilerplate language, we find that if the journal entries were incorrect, Hemingway had the duty to file a motion to correct the record or file an appropriate App.R. 9(C) statement with this court reflecting the error in the trial court record. A court speaks only through its journal

entries and not by oral pronouncement. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47. Accordingly, absent any facial deficiency, a majority of the continuances were at Hemingway's request, and the time for speedy trial will be tolled during those times.

{¶ 28} The record before us is insufficient to calculate the exact number of days the State has remaining to bring Hemingway to trial on these cases. Specifically, it is unclear when Hemingway was released from prison in correlation to when he was arrested on the outstanding warrant and also if he was being held in jail on other pending cases. Nevertheless, we find that the trial court erred in dismissing the indictments against Hemingway on speedy trial grounds.

{¶ 29} In Case No. CR-536518, the case was tolled from May 19, 2010 until Hemingway filed his motion to dismiss in January 2011. And in Case No. CR-539583, the case was tolled from July 20, 2010 until the motion to dismiss was filed.

{¶ 30} Deducting those tolled days from Hemingway's own calculations, we find that the time for speedy trial has not expired in violation of R.C. 2945.71. We find that the trial court erred in granting Hemingway's motions to dismiss on speedy trial grounds. The State's assignment of error is, therefore, sustained.

Judgment reversed and case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, A.J., CONCUR