[Cite as *State v. Thompson*, 2017-Ohio-8686.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,              CASE NO.  8-17-06

    v.

DOUGLAS MARLIN THOMPSON,        O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 16 08 0217

**Judgment Affirmed**

Date of Decision:   November 27, 2017

APPEARANCES:

    *Sarah J. Warren* **for Appellant**

    *Patrick T. Clark* **for Appellee**

**SHAW, J.**

{¶1} The State of Ohio brings this appeal from the February 24, 2017, judgment of the Logan County Common Pleas Court granting the motion to dismiss of defendant-appellee, Douglas Thompson ("Thompson"). On appeal, the State argues that the trial court erred by finding that pursuant to R.C. 2941.401 the State failed to bring Thompson to trial within 180 days after Thompson caused to be delivered to the "appropriate court" a written notice of his imprisonment and a request for final disposition to be made of a pending complaint against him. In the alternative, the State argues that the trial court at least abused its discretion in declining to grant the State a continuance of the matter.

*Relevant Facts and Procedural History*

{¶2} The record indicates that on February 17, 2016, a complaint was filed against Thompson in Bellefontaine Municipal Court alleging that Thompson committed eight counts of Breaking and Entering in violation of R.C. 2911.13(A), all felonies of the fifth degree.[1] All eight counts alleged that the Breaking and Entering took place on or about January 25, 2016.

{¶3} Prior to July of 2016, Thompson was incarcerated in the Chillicothe Correctional Institution for crimes he committed in Hamilton County, Ohio, which

---

[1] The complaint against Thompson was included as an exhibit at a later hearing. The Complaint was made by Detective Tom Watson of the Logan County Sheriff's Department. According to the complaint, a carbon copy was sent to the Logan County Prosecutor.

were unrelated to this case. On July 6, 2016, while he was incarcerated on the unrelated case, Thompson signed a "Notice of Untried * * * Complaint and of Rights to Request Disposition," indicating that pursuant to R.C. 2941.401, Thompson was requesting disposition for the complaint against him in Bellefontaine Municipal Court. By way of context, R.C. 2941.401 reads as follows.

> **When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.**
>
> **The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.**
>
> **The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.**

> \* \* \*
>
> **If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.**

R.C. 2941.401.

{¶4} According to the record, pursuant to R.C. 2941.401, Thompson delivered his "notice" to the warden and the warden then sent the notice to the Bellefontaine Municipal Court's Clerk of Courts and the Bellefontaine Municipal Court Prosecuting Attorney. Both the clerk and the prosecuting attorney were at the same address. Return receipts indicated that the documents that were sent were received on July 15, 2016, both having been signed for by the same person.

{¶5} On August 9, 2016, an indictment was filed against Thompson in the Logan County Common Pleas Court alleging eight counts of Breaking and Entering in violation of R.C. 2911.13(A), all felonies of the fifth degree. The indictment alleged that the crimes were committed between January 23, 2016, and January 25, 2016. It is not disputed that the crimes charged in the indictment were the same as those that had been charged in the previously filed Bellefontaine Municipal Court complaint.

{¶6} The record indicates that on August 16, 2016, the State dismissed the original criminal complaint against Thompson in Bellefontaine Municipal Court.

-4-

{¶7} On October 17, 2016, Thompson was arraigned on the indictment and he pled not guilty to the charges.

{¶8} On February 15, 2017, Thompson filed a motion to dismiss, contending that he complied with all the steps listed in R.C. 2941.401 and that his case should be dismissed for failure to prosecute it within the 180 day timeline as more than 180 days had passed since the receipt of his "notice."[2]

{¶9} On February 21, 2017, the State filed a memorandum opposing Thompson's motion to dismiss, arguing that Thompson did not provide the *Logan County Common Pleas Court* or the *county* prosecutor's office with his R.C. 2941.401 notice. The State argued that Thompson thus failed to notify the *appropriate* court and the *appropriate* prosecuting attorney.

{¶10} On February 21, 2017, the trial court held a hearing on the motion to dismiss wherein Thompson testified that he sent his R.C. 2941.401 notice to the warden at Chillicothe Correctional Facility and the warden mailed it. A copy of the notice and return receipts from the Bellefontaine Municipal Court and Bellefontaine City Prosecutor's Office were introduced into evidence. The trial court indicated that it would take the matter under advisement and rule promptly.[3]

---

[2] The return receipts for Thompson's notice were stamped "Jul 15 2016." One-hundred eighty days from that date would have been January 11, 2017.

[3] On February 22, 2017, Thompson filed a supplement to his motion to dismiss, citing *State v. Hemingway*, 8th Dist. Cuyahoga Nos. 96699, 96700, 2012-Ohio-476, and *State v. Fox*, 8th Dist. Cuyahoga No. 74641, 1998 WL 895265, as support for his position that the notice had been properly filed at the time it was sent.

{¶11} On February 23, 2017, the trial court held a second hearing on the motion to dismiss, allowing the parties to make additional arguments on the issue. The State reiterated that there was no evidence that the "proper" court and prosecutor's office received Thompson's notice. The State also claimed that the notice never made it into the case file of either the municipal court or the common pleas court. Further, the State argued that there were potential tolling events that needed to be considered such as Thompson's discovery demand. Finally, the State indicated that it was within the trial court's discretion pursuant to R.C. 2941.401 to grant a reasonable continuance, so the State requested an additional 30 days to try Thompson.

{¶12} After hearing the arguments, the trial court ruled in favor of Thompson, granting the motion to dismiss. At the hearing, the trial court stated,

> **The – the fact that it didn't get in the prosecutor's file or it didn't get in the clerk's file doesn't mean that the defendant hasn't done what he was supposed to do. That, it's a – everybody hates to see a case decided on an error. The defendant and counsel were present at the scheduling conferences and haven't raised this issue at the scheduling conference, but I think there's some case law that they don't have to. So I think, unfortunately, you have to do some educating with the municipal court prosecutor and the municipal court in the future when they get these, they have to communicate it to this court and to you, which they didn't do. So the motion's granted. Case is dismissed.**

(Feb. 23, 2017, Tr. at 8-9).

-6-

{¶13} The trial court filed a judgment entry on February 24, 2017, further indicating its reasoning for granting the motion to dismiss. In its entry, the trial court indicated that, "[a]lthough these decisions may impose what appears to be an unfair burden on the prosecutor and courts, from the standpoint of the defendant the defendant has done what is required under the statute to put the parties on notice." (Doc. No. 38).

{¶14} It is from this judgment dismissing the indictment that the State appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred by granting defendant-appellee's motion to dismiss pursuant to R.C. §2941.401.**

**Assignment of Error No. 2**
**The trial court erred by failing to grant plaintiff-appellee's request for a continuance.**

*First Assignment of Error*

{¶15} In the State's first assignment of error, the State argues that the trial court erred by granting Thompson's motion to dismiss. Specifically, the State contends that because Thompson was charged with felony offenses the county prosecutor alone had the authority to prosecute Thompson and thus his notice was not compliant with the statute as it went to the wrong court and the wrong prosecutor's office.

*Standard of Review*

**{¶16}** Generally, we review a trial court's decision on a motion to dismiss under an abuse of discretion standard. *See State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484; *State v. Heisey*, 2d Dist. Miami No. 2014-CA-34, 2015-Ohio-4610, ¶ 23. However, speedy trial issues present mixed questions of law and fact. *State v. Hemingway*, 8th Dist. Nos. 96699, 96700, 2012-Ohio-476, ¶ 8. Therefore, we apply a *de novo* standard of review to the legal issues but give deference to any factual findings made by the trial court. *Id.* citing *Cleveland v. Adkins*, 8th Dist. Cuyahoga No. 83295, 2004-Ohio-1118, ¶ 5.

*Argument and Analysis*

**{¶17}** In this case, the trial court determined that Thompson complied with the statutory requirements of R.C. 2941.401 based on the copy of Thompson's notice that was entered into evidence at the hearing on the motion to dismiss, Thompson's testimony at the same hearing indicating he provided the written notice to the warden of his institution, and the return receipts from the Bellefontaine Municipal Court and the Bellefontaine City Prosecutor's Office indicating that the notice had been delivered. The trial court found that Thompson's actions placed him in compliance with the requirements of R.C. 2941.401, triggering the 180-day timeline.

**{¶18}** The primary dispute in this case is over whether Thompson's notice went to the "appropriate" court and the "appropriate" prosecutor's office pursuant to the statute. The State maintains that Thompson was charged with felonies and thus the common pleas court and the county prosecutor's office were the "appropriate" parties to receive notice, and they never did. The State argues that Thompson's notice never even made it into the municipal court file, though we cannot verify this claim as we do not have the municipal court file and it was not entered into evidence.

**{¶19}** What the State ignores in this case is that when Thompson filed his notice pursuant to R.C. 2941.401, the complaint that was pending against him had been filed in Bellefontaine Municipal Court. Thompson fulfilled his duties pursuant to the statute by providing written notice under R.C. 2941.401 to the warden and then having the warden send the notice to the "appropriate" court at that time. It is through no fault of Thompson that his notice was—allegedly—never filed in the municipal court file despite having been received or that the notice was not communicated from the municipal court to the common pleas court. Given that the municipal court case against Thompson was dismissed after his indictment, and that Thompson was not bound over, it makes sense that some communication must have occurred between the municipal prosecutor and the common pleas court prosecutor regarding his case.

**{¶20}** Furthermore, under similar facts as the case *sub judice*, the Fourth District Court of Appeals rejected comparable arguments made by the State in *State v. Miller*, 4th Dist. Athens No. 11CA26, 2012-Ohio-1823. In *Miller*, a defendant was charged with various felony crimes including Aggravated Burglary in a complaint in Athens County Municipal Court. Miller was then incarcerated on an unrelated charge in a separate case. While he was incarcerated on the separate case, Miller filed notice pursuant to R.C. 2941.401 to have a timely disposition of the Athens County Municipal Court complaint against him. The case against Miller in Athens County Municipal Court was then dismissed; however, the State later indicted Miller in Athens County Common Pleas Court for Burglary based on the same facts as the Municipal Court complaint that had been dismissed. When Miller was not brought to trial within 180 days of filing his R.C. 2941.401 notice, he moved to dismiss the indictment pursuant to R.C. 2941.401, and that motion to dismiss was granted. The State appealed, and the Fourth District affirmed on appeal, reasoning as follows.

> **"In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." [*State v.*] *Hairston*, [101 Ohio St.3d 308, 2004-Ohio-369] at ¶ 25.**
>
> **As stated above, Miller served his request for disposition on the state on July 26, 2010. Thus, under R.C. 2941.401, the state had to bring Miller to trial within 180 days. Instead, the state**

> **dismissed the complaint against Miller without prejudice. An Athens County grand jury later indicted Miller for burglary on June 27, 2011. The indictment was based on the same facts as the Athens County municipal court complaint. Additionally, the June 27, 2011 indictment was more than 180 days after Miller served his request for disposition. Moreover, the trial court did not grant any necessary or reasonable continuance based on a showing of good cause pursuant to R.C. 2941.401. Thus, after applying the plain language of the statute, we conclude that the state failed to bring Miller to trial within the time period provided by R.C. 2941.401.**
>
> **The state argues that, once it dismissed the municipal court complaint against Miller, there were no charges pending. As a result, the state contends that the general statute of limitations governing Miller's alleged crime applied, not the 180–day time period under R.C. 2941.401. The state argues that "a complaint is no longer pending once it has been dismissed in Municipal Court and prior to an Indictment being filed." \* \* \***
>
> **The state's argument lacks merit. \* \* \* The state \* \* \* has provided no reason why we should deviate from applying the plain language R.C. 2941.401.**

(Internal Citations omitted) *Miller* at ¶¶ 9-12.

**{¶21}** We find the Fourth District's decision in *Miller* persuasive here. Moreover, in addition to *Miller*, other Ohio Appellate Courts have upheld dismissals pursuant to R.C. 2941.401 where notice has been sent to the wrong court through no fault of the defendant. *State v. Brown*, 6th Dist. Huron No. H-13-019, 2014-Ohio-154, ¶ 18 (finding that where an early disposition request was given to the warden and the warden mailed the notice to the Huron County Common Pleas Court instead of the Norwalk Municipal Court where the charges were actually pending,

"appellee should not suffer the consequences of the Warden's mistakes."); *see also State v. Gill*, 8th Dist. Cuyahoga No. 82742, 2004-Ohio-1245.

**{¶22}** While the State argues here as they did in *Miller* that the municipal court case against Thompson was dismissed after he filed his R.C. 2941.401 notice, disposing of the claim against him, it is undisputed that the eight counts of breaking and entering in the common pleas court case are based on the same facts as set forth in the municipal court complaint that was dismissed. In fact, they were the exact same eight charges. The State essentially seeks to circumvent R.C. 2941.401 by filing a new case with the same charges. Allowing the State to do so would render the purpose of the statute, which is to have timely adjudication of pending claims against an incarcerated individual, meaningless. As we have held previously, the Ohio speedy trial statutes must be "construed strictly against the [S]tate." *State v. Masters*, 3d Dist. Crawford No. 3-06-20, 2007-Ohio-4229, ¶ 9. Construing R.C. 2941.401 against the State in this matter, the State's argument is not well-taken.

**{¶23}** Finally, the State asserts that Thompson did not raise the R.C. 2941.401 issue at pretrial hearings. The State cites no legal authority to support its position that this would warrant overturning the trial court's decision. To find for the State on this matter, we would have to find that the State should not be imputed knowledge of the notice filing because it did not have actual knowledge of it. The State would have us construe R.C. 2941.401 against Thompson through no action

of his own. Again, the State seeks to take advantage of either the Warden's actions despite the fact that he notified the court where the charge was pending, or the lack of communication between various courts and prosecutors. We cannot find under these circumstances that the trial court erred in declining to agree.[4]

{¶24} Based on the record before us, we cannot find that the trial court erred, therefore the State's assignment of error is overruled.

*Second Assignment of Error*

{¶25} In the State's second assignment of error, the State argues that the trial court erred by refusing to grant the State a continuance. While the heading for the second assignment of error indicates that the State contests the trial court's failure to grant a continuance, the State actually seems to contend in the body of its argument that tolling events should have been calculated in favor of the State, putting it under the 180-day timeline even if it was applied in this case.

{¶26} Contrary to the State's arguments the record does not support any delays *caused by Thompson* until he filed the motion to dismiss. Thompson did file a discovery demand but, as the State concedes in its brief, the State had already filed

---

[4] The State attempts to support its arguments by relying on *State v. McDonald*, 7th Dist. Mahoning Nos. 97 CA146, 97CA 148, 1999 WL 476253 (June 30, 1999). However, the *McDonald* court actually upheld a trial court's grant of a motion to dismiss under R.C. 2941.401, thus it is of little value to the State. Moreover, perhaps the principle holding that came out of *McDonald*, which does not benefit the State, was that, "[s]ubstantial compliance is all that is required of a defendant under R.C. 2941.401." *4. We note that there appears to be a split in the districts over whether substantial compliance with R.C. 2941.401 or strict compliance is necessary. *C.f. State v. McDonald*, 7th Dist. Mahoning Nos. 97CA146, 97CA148, 1999 WL 476253 (June 30, 1999) with *State v. Gilbert*, 9th Dist. Lorain No. 14CA010600, 2016-Ohio-3209. Regardless of whether strict or substantial compliance is applied, the facts support the trial court's finding that Thompson was in strict compliance in this case.

discovery prior to the demand, thus no days were tolled for this issue.[5]  Based on the record before us we cannot find that the trial court erred in any calculation of tolling events.

{¶27} As to the State's claim that the trial court erred by failing to grant a "reasonable" continuance, granting a continuance is within the court's sound discretion and we cannot find that the trial court erred here.  *State v. Unger*, 67 Ohio St.2d 65, 67 (1981) ("The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge.").  The State cites no legal authority and makes no additional argument to establish how the trial court abused its discretion.  For these reasons the State's second assignment of error is not well-taken, and it is overruled.

*Conclusion*

{¶28} For the foregoing reasons the State's assignments of error are overruled and the judgment of the Logan County Common Pleas Court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**

---

[5] The State seems to contend that days should be counted from the date that Thompson made his first appearance; however, the plain language of the statute indicates 180 days from the day notice is delivered. We see no reason to deviate from the plain language of the statute here.