[Cite as *State v. Powell*, 2026-Ohio-2142.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLANT,

  v.

RONALD D. POWELL, JR.,

    DEFENDANT-APPELLEE.

CASE NO. 1-25-39

OPINION AND
JUDGMENT ENTRY

Appeal from Allen County Common Pleas Court
Trial Court No. CR2025 0099

Judgment Affirmed

Date of Decision: June 8, 2026

APPEARANCES:

    *John R. Willamowski, Jr.* for Appellant

    *Victoria Bader* for Appellee

**MILLER, J.**

{¶1} Plaintiff-appellant, the State of Ohio, appeals the July 2, 2025 judgment of the Allen County Common Pleas Court dismissing the indictment filed against defendant-appellee, Ronald D. Powell, Jr. ("Powell"), with prejudice. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} This case arises from a December 15, 2021 criminal complaint filed in the Lima Municipal Court charging Powell with felonious assault, specifically of a police officer, in violation of R.C. 2903.11(A)(1). The supporting affidavit alleged that, on December 10, 2021, Powell led law enforcement on a high-speed chase during which gun fire was exchanged. In January 2024, Powell was committed to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") to serve a sentence for a conviction originating in Hancock County. Shortly after arriving at the Correction Reception Center at Orient, Powell was served with notice of the complaint pending in the Lima Municipal Court and a form to specifically request resolution of that complaint. Both forms had been pre-filled by ODRC staff.

{¶3} The first form was a "Notice of Untried Indictments, Information or Complaint and Rights to Request Disposition," ("Notice"). In addition to identifying the pending charge, the Notice included a checkbox which could be marked to indicate whether the inmate requests an early disposition of their pending

charges, as well as lines for the inmate's and a witness's signatures. Powell marked the box and signed the Notice. The second form was the "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints," ("Request") which was also pre-filled by ODRC staff with a single address for both the Lima Municipal Court and the prosecuting attorney's office as follows:

> Lima Municipal Court
> Prosecuting Attorney
> 109 N Union St
> Lima, OH 45801

The Request also included a formal request for disposition of the pending charges, a series of checkboxes to indicate whether he has counsel or wishes to have counsel appointed, and lines for the inmate's and witness's signatures. Both forms were signed by Powell, witnessed by Penny Perkins ("Perkins"), an ODRC employee, and were signed on January 26, 2024. Perkins authenticated the forms at the evidentiary hearing and testified that they were pre-populated by ODRC.

{¶4} After Powell signed the pre-filled forms indicating his election of early disposition of the Lima Municipal Court complaint, he returned the form to Perkins. The ODRC staff forwarded copies of the completed form to the Lima Municipal Court and the prosecuting attorney's office as pre-addressed by ODRC by certified mail. Certified mail receipts showed that ODRC sent the forms to the Lima Municipal Court Clerk and the Lima Municipal Prosecutor at the same address

identified above. A receipt was signed by the clerk of court's office indicating the Lima Municipal Court received its copy, while the prosecuting attorney did not receive his copy.[1] The prosecutor's office address had changed in recent years and the address provided by ODRC on the Request given to Powell incorrectly listed the old address, which was shared with the Lima Municipal Court.

{¶5} From the filing of the complaint on December 15, 2021, the matter remained dormant on the Lima Municipal Court docket for over four years. It was not until March 13, 2025 that the case was bound over to the Allen County Court of Common Pleas. On April 17, 2025, Powell was indicted on the following seven counts: felonious assault in violation of R.C. 2903.11(A)(2) and 2903.11(D)(1)(A), a felony of the first degree; discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3) and 2923.162(C)(2), a felony of the third degree; failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii), a felony of the third degree; improperly handling firearms in a motor vehicle in violation of R.C 2923.16(B) and 2923.16(I), a felony of the fourth degree; having weapons while under disability in violation of R.C. 2923.13(A)(2) and 2923.13(B), a felony of the third degree; breaking and entering in violation of R.C. 2911.13(A) and 2911.13(C), a felony of the fifth degree; grand theft auto of a motor vehicle in violation of R.C. 2913.02(A)(1) and

---

[1] Although the municipal court clerk received its copy of the certified mail, the request for disposition was never docketed or filed in Powell's case. It is unclear whatever became of the document.

2913.02(B)(5), a felony of the fourth degree; and theft in violation of R.C. 2913.02(A)(1) and 2913.02(B)(2), a felony of the fifth degree. Powell pled not guilty to all counts.

{¶6} On April 29, 2025, Powell filed a motion to dismiss, asserting a violation of his speedy trial rights under R.C. 2941.401. He argued the request for an early disposition he executed and delivered to ODRC on January 26, 2024 triggered the statutory period, and the State subsequently failed to bring the matter to trial within the mandated 180-day timeframe, which expired in July 2024. A hearing on Powell's motion to dismiss was heard on June 23, 2025. The court took the matter under advisement and, on July 2, 2025, filed a judgment entry granting Powell's motion to dismiss, finding Powell complied with the requirements found in R.C. 2941.401 to deliver the early disposition notice to the warden.

{¶7} The State timely filed this appeal and raise a single assignment of error for our review.

### Assignment of Error

**The trial court erred in dismissing the case as [appellee] did not meet his obligations pursuant to R.C. 2941.401 and the trial court, therefore, retained jurisdiction to hear the case.**

{¶8} In its sole assignment of error, the State contends the trial court erred in finding Powell complied with the requirements of R.C. 2941.401. According to the State, Powell's failure to verify the address of the prosecuting attorney was a breach

of his statutory duty. The State maintains that because the notice was improperly addressed, albeit by ODRC personnel, any subsequent errors in delivery are attributable to Powell, thus tolling the 180-day speedy trial clock. Therefore, the State reasons the trial court erred by granting Powell's motion to dismiss and retains jurisdiction over the case.

*Standard of Review*

{¶9} "Generally, we review a trial court's decision on a motion to dismiss under an abuse of discretion standard." *State v. Thompson*, 2017-Ohio-8686, ¶ 16 (3d Dist.) "However, speedy trial issues present mixed questions of law and fact. *Id*., citing *State v. Hemingway*, 2012-Ohio-476, ¶ 8 (8th Dist.). Accordingly, we review legal issues *de novo* but give the trial court deference as to findings of fact. *Id*. We "'must give due deference to the trial court's findings of fact if they are supported by competent, credible evidence but will independently review whether the trial court correctly applied the law to the facts of the case.'" *State v. Shaffer*, 2022-Ohio-421, ¶ 10 (3d. Dist.), quoting *State v. Gartrell*, 2014-Ohio-5203, ¶ 104 (3d Dist.).

*Relevant Law and Analysis*

R.C. 2941.401 states in relevant part the following:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, *the*

*prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter. . . .* The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

*The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of the prisoner, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.* If the appropriate prosecuting attorney and agency having custody of the prisoner have previously agreed, then the written notice, request, and certificate may be sent by electronic mail or facsimile, in lieu of registered mail or certified mail.

The warden or superintendent having custody of the prisoner shall promptly inform the prisoner in writing of the source and contents of any untried indictment, information, or complaint against the prisoner, concerning which the warden or superintendent has knowledge, and of the prisoner's right to make a request for final disposition thereof.
…
If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

(Emphasis added.)

{¶10} Powell filed his motion to dismiss pursuant to Supreme Court of Ohio's interpretation of R.C. 2941.401 in *State v. Williams*, 2023-Ohio-3647. In *Williams*, the defendant delivered a written notice to the warden of the place of his imprisonment and request for a final disposition pursuant to R.C. 2941.401. *Id*. at

¶ 2.  Receiving no response to his initial delivery, the defendant took further affirmative steps by delivering his written notice and request for final disposition to the warden on two subsequent occasions.  *Id*. at ¶ 2-4.  Despite these repeated attempts at delivery, "the warden never sent the written notices and requests to the prosecuting attorney or the appropriate court."  *Id*. at ¶ 4.  The Supreme Court held that "[a] prisoner satisfies the 'causes to be delivered' requirement in R.C. 2941.401 by providing written notice of the place of his imprisonment and a request for final disposition to the warden of the institution where he is incarcerated."  *Id*. at ¶ 18.  Such delivery "triggers a statutory duty of the warden" and "when a warden fails to act, whether intentionally, inadvertently, or otherwise, the consequences of that failure should inure to the state, on whose behalf the warden acts."  *Id*. at ¶ 17.

{¶11} The State responded to Powell's citation of *Williams* by arguing *State v. Jarvis*, 2023-Ohio-4229 (9th Dist.), effectively distinguishes *Williams* from the present case.  In *Jarvis*, the defendant caused a written notice of the place of his imprisonment and a request for final disposition to be delivered to the warden.  *Id*. at ¶ 4.  However, he provided an incorrect address for the prosecuting attorney.  *Id*. at ¶ 7-8.  The warden forwarded the notice to the incorrect address provided by the defendant, which, consequently, never reached the prosecuting attorney.  *Id*. at ¶ 10.  The court stated the defendant's "failure to address the 'Request for Disposition' to the appropriate prosecuting attorney is imputed to [the defendant], not the warden."  *Id*. at ¶ 8.  The court further distinguished these facts from *Williams* by identifying

that, while *Williams* involved a warden's complete failure to act, the warden in *Jarvis* acted with diligence by sending the notice to the specific address provided. *Id*. at ¶ 10. Consequently, the court reasoned that because the notice was delivered "as addressed," the State could not be held responsible for the fact it was sent to the wrong location. *Id*.

{¶12} The State contends, pursuant to *Jarvis*, "it is [Powell's] obligation, not the State's to forward complete, accurate, non-misleading and non-erroneous information to the Warden," and, thus, any error in delivery should be imputed to Powell and not the State. (Appellant's Brief at 12). According to the State, Powell did not do everything required of him under R.C. 2941.401, because he never used a law library or the internet to verify the address provided by the ODRC on the pre-filled forms was correct. At the hearing on Powell's motion to dismiss, Powell testified he was on lockdown 23 hours a day, restricting his access to the law library, and he was not aware of any internet access. (June 23, 2025 Tr. at 18).

{¶13} Furthermore, ODRC employees provided testimony regarding the standard procedure for pre-filling the forms such that all that was required of Powell was for him to check several boxes to indicate a request for the court to appoint counsel and a request for an early disposition, along with signing his name twice. Notably, no evidence was presented at the hearing to show law library and internet access would have been made available to Powell at the time in question. Nor was evidence presented that Powell had any opportunity to independently verify the

address provided on the form filled out by the ODRC was correct. The State's argument is based on an assumption that Powell had sufficient access to a law library and the internet. When Powell testified he did not have such access, the State failed to rebut his testimony. Therefore, in light of Powell's testimony at the hearing, the trial court's finding Powell did everything in his power to provide the correct information to the warden was supported by competent and credible evidence. By its finding, the trial court found Powell's testimony to be credible. Absent any contrary testimony, we defer to the fact-finder, who is in the best position to assess competency and credibility, to conclude the trial court's findings are supported by competent, credible evidence. *See State v. Dehass*, 10 Ohio St.2d 230 (1967), syllabus ("[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."); and *State v. Thompson*, 127 Ohio App.3d 511, 529 (8th Dist. 1998) ("The fact finder can hear and see as well as observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witnesses and the examiner, and watch the witness's reaction to exhibits and the like. . . . A reviewing court must, therefore, accord due deference to the credibility determinations made by the fact finder.").

{¶14} The State argues that this case is analogous to *Jarvis* in that both cases involved an inmate delivering an incorrect address to the warden on the notice and request for final disposition. In *Jarvis*, it remains unclear whether the defendant was provided a pre-filled form or if he supplied the erroneous information himself;

it is further unclear what resources were available to Jarvis to verify the prosecutor's address. Even assuming *Jarvis* mirrors the present facts, in that the request was pre-filled by the ODRC and the defendant lacked resources to verify the address, the cases remain distinguishable. In the present case, the record suggests the failure to deliver the Notice and Request to the prosecutor resulted from a failure of the United States Postal Service ("USPS"), rather than the inclusion of an outdated or incorrect address on the form.

{¶15} The chief prosecutor for the City of Lima, Rick Eddy ("Eddy"), testified that when one of his colleagues entered the tracking information for the Notice and Request into the USPS website, there was no indication that these documents had "made it beyond Columbus." (June 23, 2025 Tr. at 68). It is unclear from these facts whether the prosecutor would have received the Notice and Request had it been forwarded to the address in question. Indeed, Eddy further testified that his office continues to use the former address for intake interviews and a mailbox for the prosecutor's office remains at that location. He further noted the address for his office provided on Powell's pre-filled ODRC form continues to receive mail, although he specifically characterized the items received at that site as "junk mail." (June 23, 2025 Tr. at 62). Despite this characterization, he testified his office would not have overlooked certified mail from the ODRC if it had been delivered to that address. *See Williams,* 2023-Ohio-3647, at ¶ 17 ("The General Assembly is well aware that prisoners cannot themselves cause the written notice and request under

R.C. 2941.401 to be delivered to the prosecuting attorney and the appropriate court.").

{¶16} Here, competent and credible evidence exists to show Powell fulfilled the statutory requirements under R.C. 2941.401 by causing the Notice and Request to be delivered to the warden. The facts are insufficient to determine whether the address provided was sufficient to ensure delivery to the prosecutor. Regardless, Powell performed his duty by causing the form to be delivered to the warden. Upon such delivery, the duty inured to the State to ensure the form was delivered to the address provided. It failed to do so. R.C. 2941.401 "places no duty on the inmate to follow up on the return receipt of the certified mail." *State v. Gill*, 2004-Ohio-1245, ¶ 14 (8th Dist.). Accordingly, and pursuant to *Williams*, the statutory timeline began when Powell caused delivery to the warden and expired after 180 days.

{¶17} In the alternative, the State argues *Williams* is wrongly decided. Because we find sufficient evidence in the record to support the trial court's finding that Powell properly delivered his Notice and Request to the warden, we are bound by the mandatory precedent established in *Williams* regarding the commencement of the statutory period. *See Starkey v. St. Rita's Med. Ctr.*, 117 Ohio App.3d 164, 173 (3d Dist. 1997) ("[W]e are bound by the precedent of our Supreme Court."). "As an intermediate appellate court, we are bound to follow precedent set by the Supreme Court of Ohio and we cannot issue a decision in conflict with a decision of the Supreme Court that has not been reversed or overruled." *State v. Bruce*, 2022-

Ohio-909, ¶ 40 (10th Dist.), quoting *State v. Tatom*, 2018-Ohio-5143, ¶ 24 (10th Dist.). Upon finding Powell caused his Notice and Request to be delivered to the warden, we are consequently bound by the Supreme Court's precedent to hold that Powell fulfilled his statutory duties pursuant to R.C. 2941.401 and the duty of delivery inured to the State. Accordingly, we affirm the trial court's ruling that the court was without jurisdiction to hear the case, because the 180-day statutory deadline had passed.

{¶18} The State's assignment of error is overruled.

*Conclusion*

{¶19} For the foregoing reasons, the appellant's assignment of error is overruled. Having found no error prejudicial to the plaintiff-appellant in the particulars assigned and argued, the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and LEWIS, J., concur.**

Case No. 1-25-39

# JUDGMENT ENTRY

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge

_____
William R. Zimmerman, Judge

_____
Ronald C. Lewis, Judge

DATED:
/jlm

**\*\* Judge Ronald C. Lewis of the Second District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**

-14-