DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Robin D. Beverly, appeals from his judgment of conviction and sentence entered by the Ross County Common Pleas Court. After a plea of no contest, the court found Appellant guilty of possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree and sentenced Appellant to a six month term of imprisonment, agreeing to a stay of execution of sentence pending appeal. Appellant asserts that the trial court erred in overruling his motion to dismiss, arguing that he was denied his statutory right to a speedy trial. Because we find that Appellant's assignment of error has merit, we accordingly reverse the decision of the trial court.
 {¶ 2} Appellant and Appellee have agreed on the facts presently before us. Appellant is alleged to have possessed crack cocaine on or about January 16, 2004, and an indictment was issued by the Ross County Grand Jury on April 2, 2004, charging Appellant with Possession of Cocaine, a felony of the fifth degree, in violation of R.C. 2925.11. At the time Appellant was served with the indictment, he was a prisoner of the State of Ohio and was being held in prison in Chillicothe, Ohio. The trial court scheduled an arraignment hearing on April 19, 2004, arranging for Appellant to be transported from the prison, to the court, for purposes of attending the hearing. Bond was set at $5,000.00 cash, surety or real estate and Appellant was transported back to prison.
 {¶ 3} The court then scheduled a pre-trial conference on April 26, 2004, and again arranged for Appellant's transport to the hearing. After overruling Appellant's motion to suppress on July 2, 2004, the matter was scheduled for trial on November 1, 2004. On July 31, 2004, Appellant was released from prison. However, after his release from prison, he was transported to and held in the Ross County Jail in lieu of the bond established at his arraignment, in connection with the possession of cocaine charge, and for no other purpose.
 {¶ 4} On November 1, 2004, counsel for Appellant moved the trial court for discharge on R.C. 2945.73 grounds, claiming he had been denied his right to a speedy trial under R.C. 2945.71 et seq. Counsel for Appellant argued that, counting only the time that had elapsed between Appellant's release from prison, July 31, 2004, until November 1, 2004, the date of the trial, more than ninety days had elapsed. The trial court denied the motion. Appellant pled no contest and the court sentenced him to six months in prison and suspended his driver's license. The sentence, however, was stayed pending this appeal. Appellant now brings his appeal, assigning the following error for our review:
 {¶ 5} "I. THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO DISMISS ON NOVEMBER 1, 2004."
 {¶ 6} Appellant argues that he should be discharged because his statutory right to a speedy trial was denied. Initially, we note that appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. See, e.g., State v. Kuhn (June 10, 1998), Ross App. No. 97CA2307, 1998 WL 321535; State v. Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, 1998 WL 37494. We accord due deference to the trial court's findings of fact if supported by competent, credible evidence. We independently review, however, whether the trial court properly applied the law to the facts of the case. See, e.g., Kuhn; Pilgrim; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, 1994 WL 655905. Furthermore, when reviewing the legal issues presented in a speedy trial claim, we must strictly construe the relevant statutes against the state. See Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 1996-Ohio-171, 661 N.E.2d 706, (stating that courts must "strictly construe speedy trial statutes against the state"); Statev. Miller (1996), 113 Ohio App.3d 606, 608, 681 N.E.2d 970, 971;State v. Cloud (1997), 122 Ohio App.3d 626, 702 N.E.2d 500 (noting that courts must strictly enforce the duties that the speedy trial provisions impose upon the state).
 {¶ 7} We agree with Appellee that R.C. 2941.401 governs the time within which the state must bring an incarcerated defendant to trial. SeeState v. Logan (1991), 71 Ohio App.3d 292, 296, 593 N.E.2d 395, 398, motion for leave to appeal overruled (1991), 62 Ohio St.3d 1463,580 N.E.2d 784 (stating that R.C. 2941.401 applies to criminal defendants who are imprisoned on other charges); State v. Green (June 10, 1998), Ross App. No. 97CA2308, 1998 WL 321579 (stating that "Ohio law is clear that whenever a criminal defendant is serving a term of imprisonment, R.C. 2941.401 must be applied to determine the defendant's speedy trial rights"); State v. Fox (Oct. 22, 1992), Cuyahoga App. No. 63100, 1992 WL 309353 (stating that "[i]f a defendant is incarcerated, R.C. 2941.401
governs the time within which the state must bring him or her to trial").
 {¶ 8} R.C. 2941.401 provides in pertinent part as follows: "[w]hen a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term ofimprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, * * *." (Emphasis added). As such, we agree with Appellee that R.C. 2941.401 was applicable at the time Appellant was indicted for the new charge. However, the problem with the scenario sub judice is that Appellant, during the pendency of the proceedings, ceased to be incarcerated and instead was released from prison and was held in a county jail solely on the pending charges. Therefore, his status changed. We believe that such a material status change necessitates the application of the general speedy trial statute, R.C. 2945.71, rather than the specific speedy trial statute, R.C. 2941.401, which is only applicable to incarcerated individuals.
 {¶ 9} R.C. 2945.71(C)(2) provides that a person arrested and charged with a felony must be brought to trial within two hundred and seventy days. However, if the accused remains in jail in lieu of bail solely on the pending charges, each day is counted as three days. R.C. 2945.71(E). This is commonly referred to as the triple count provision, which requires that if an accused is held in jail in lieu of bail solely on the pending charges, the state must bring him to trial within ninety days. See, State v. Green, Ross App. No. 01CA2641, 2002-Ohio-3403.
 {¶ 10} An accused presents a prima facie case for discharge based upon a violation of speedy trial limitations by alleging in a motion to dismiss that he or she was held solely on the pending charges and for a time exceeding the R.C. 2945.71 limits. Id., citing State v. Butcher
(1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. The burden of proof then shifts to the state to show that the R.C. 2945.71 limitations have not expired, either by demonstrating that the time line was extended by R.C. 2945.72,[1] or by establishing that the accused is not entitled to use the triple-count provision in R.C. 2945.71(E). Id., citing Butcher at 31. However, an accused is not entitled to the triple-count provision when he is detained in jail under a valid holder. Id., citing State v.Brown, 64 Ohio St.3d 476, 479, 1992-Ohio-96, 597 N.E.2d 97; State v.Cremeans (June 26, 2000), Lawrence App. No. 99CA12, 2000 WL 864897.
 {¶ 11} The determination of whether an accused is held solely on the pending charges is a legal conclusion dependent upon the underlying facts. State v. Howard (Mar.4, 1994), Scioto App. No. 93CA2136, 1994 WL 67688. A review of the record reveals, and the parties stipulate, that Appellant was released from prison on July 31, 2004, and held in the Ross County jail in lieu of bond established at his arraignment on the possession of cocaine charge and that he was not held in jail for any other purpose but this case. There was no valid holder related to any other charge.
 {¶ 12} A review of the record also reveals that Appellant's prison release date of July 31, 2004, was discussed in open court at the arraignment hearing. Thus, the state, and the trial court, were aware that Appellant would soon be released from prison. Knowing this, the trial court set a trial date of November 1, 2004, and arranged, by means of a warrant for removal issued on July 27, 2004, just four days prior to Appellant's release from prison, for the Sheriff of Ross County to "take custody of Robin D. Beverly, Inmate #465766 so that he is present before the ROSS COUNTY COURT OF COMMON PLEAS on (sic) by 3:00 p.m. on Friday, October 29, 2004." Having knowledge of Appellant's July 31, 2004, release date and with full intention of transferring Appellant to the Ross County Jail to be held on the pending charges, the trial court set a trial date which exceeded the limitation of 90 days provided in R.C. 2945.71.
 {¶ 13} Accordingly, Appellant's counsel moved for discharge immediately prior to the scheduled trial, arguing that Appellant had been denied his right to a speedy trial. We find that Appellant presented a prima facie case for discharge, thereby shifting the burden of proof to the state to show that the R.C. 2945.71 limitations have not expired. The state was unable to do this, and instead merely argued that R.C. 2941.401, rather than R.C. 2945.71 applied.
 {¶ 14} Admittedly, this is a somewhat gray area of the law and is not expressly covered by either R.C. 2945.71 or R.C. 2941.401. However, we believe that R.C. 2941.401 actually anticipates such scenarios through its use of the phrase "during the continuance of the term of imprisonment." We believe that this wording indicates that the section applies only during the continuance of the term of imprisonment, and not beyond, as in the case presently before this court. Therefore, we find that the state was unable to meet its burden and Appellant was entitled to be discharged.
 {¶ 15} On appeal, Appellee argues that the application of R.C. 2945.71
protections to Appellant would result in affording an "incarcerated criminal twice the speedy trial protection that a free citizen is afforded." While we understand that position, we believe Appellee fails to recognize is that as of July 31, 2004, Appellant's status ceased being that of an "incarcerated criminal" and instead became that of an "accused * * * held in jail in lieu of bail on the pending charge," as contemplated in R.C. 2945.71(E). In the interests of justice and in preserving and protecting the right to a speedy trial, we find that the trial court erred in failing to discharge the Appellant. Accordingly, we reverse the decision of the trial court and remand for proceedings consistent with this holding.
Reversed and remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2945.72 provides certain justifications for extending the time in which an accused may be brought to trial, none of which are applicable in the case sub judice.