[Cite as *State v. Marr*, 2018-Ohio-5061.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLANT,               CASE NO. 15-18-09

      v.

TYLER D. MARR,                       O P I N I O N

      DEFENDANT-APPELLEE.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR-17-02-021

**Judgment Affirmed**

Date of Decision: December 17, 2018

APPEARANCES:

    *Tyler W. Dunham* **for Appellant**

    *Scott R. Gordon* **for Appellee**

Case No. 15-18-09

**SHAW, J.**

{**¶1**} The State of Ohio brings this appeal from the July 9, 2018, judgment of the Van Wert County Common Pleas Court granting the motion to dismiss filed by defendant-appellee, Tyler Marr ("Marr"). On appeal, the State argues that the trial court erred by finding that Marr's handwritten letter filed with the trial court substantially complied with R.C. 2963.30, the Interstate Agreement on Detainers ("IAD"), and that as a result of erroneously finding substantial compliance in this case, the trial court erred in finding that the State failed to bring Marr to trial within 180 days of the receipt of his letter.

*Relevant Facts and Procedural History*

{**¶2**} On February 2, 2017, Marr was indicted for seven counts of Burglary in violation of R.C. 2911.12(A)(2), all felonies of the second degree. Each count concerned a different burglary on a different date, ranging from May 19, 2016, to July 12, 2016.

{**¶3**} On April 3, 2017, a letter written by Marr was filed with the trial court in this case, reading as follows.

> **Dear Judge Burch[field]**
> **My name is Tyler Derrick Marr. I am writing you today in the hope that I might be able to get some information on an open case filed against me in Van Wert. I am incarcerated at Miami Correctional Facility in Bunker Hill, Indiana on an unrelated charge. I have been notified of 7 Felony 2nd degree burglary charges that have been filed against me in Van Wert Ohio. My intention is to get transported to Van Wert to get arraigned on**

-2-

> **these chargers or have them dismissed.  Could you provide me with any cause** [sic] **number pertaining to these charges?  I have not been read warrants or been given any information on the seven charges.  I would like to move forward with this case and bring about a resolution to it as soon as possible.  Any information you can provide on the charges themselves and also what I may need to do to get a transport order to face the charges.  I'll provide all of my personal information as well as my location in Indiana Dept. of Corrections.  Thank you very much.**

(Doc. No. 4).  The letter was signed by Marr.  On a second page it contained his date of birth, his social security number, his inmate number in the Indiana Department of Corrections, and his current location, specifying even the cell.

{¶4} The common pleas court provided a copy of the letter to the Van Wert County Prosecutor's Office in April of 2017.

{¶5} In July of 2017, the Van Wert County Prosecutor delivered forms requesting temporary custody of Marr pursuant to Article IV of the IAD.  On November 17, 2017, Marr signed forms requesting, pursuant to Article III of the IAD, to be transferred to Van Wert for the purposes of bringing his untried indictment to final disposition.

{¶6} It is unclear in the record why, but Marr was not delivered to Van Wert until April 23, 2018.

{¶7} On April 25, 2018, Marr was arraigned and he pled not guilty to the charges.  He also had counsel appointed for him at that time.

Case No. 15-18-09

{¶8} On May 24, 2018, Marr filed a motion to dismiss arguing that pursuant to R.C. 2963.30, Article III of the IAD, he had not been brought to trial within 180 days of receipt of his April 3, 2017, letter.[1]

{¶9} On June 7, 2018, the State filed a response to Marr's motion to dismiss, contending, *inter alia*, that Marr's letter had not substantially complied with provisions of the IAD such that the speedy trial time therein was invoked.

{¶10} On July 3, 2018, the parties submitted a joint stipulation of facts for the trial court to use in determining the motion to dismiss. They read as follows.

1. **On March 28, 2017, Tyler Marr delivered a handwritten letter to the Van Wert County Court of Common Pleas. The purpose of Mr. Marr's letter was to inform the Court that Mr. Marr was incarcerated at the Miami Correctional Facility in Bunker Hill, Indiana and to request transportation to Van Wert County for the purpose of resolving an untried indictment against him. * * ***

2. **In early April of 2017, Tyler Marr's letter was received by the Van Wert County Court of Common Pleas. A copy of the letter was shortly thereafter provided to the Van Wert County Prosecutor.**

3. **In July 2017, the Van Wert County Prosecutor prepared and delivered forms requesting temporary custody of Tyler Marr pursuant to Article IV of the Interstate Agreement on Detainers. * * ***

4. **On November 17, 2017, Tyler Marr signed forms requesting pursuant to Article III of the Interstate Agreement on Detainers that he be delivered to the custody of the Van Wert County Sheriff for purposes of bringing his untried**

---

[1] The letter was dated March 28, 2017, but it was file-stamped April 3, 2017.

-4-

**indictment to final disposition. Tyler Marr's request was delivered to the Van Wert County Prosecuting Attorney on November 22, 2017 via fax. \* \* \***

5. **Tyler Marr's request described in paragraph 4 herein was not delivered to the Van Wert County Court of Common Pleas either by Tyler Marr or by the Miami Correctional Facility in any matter.**

6. **On April 23, 2018, Tyler Marr was delivered to the Van Wert County Correctional Facility.**

7. **On April 25, 2018, Tyler Marr appeared in the Van Wert County Court of Common Pleas for purposes of arraignment. Attorney Scott Gordon was appointed by the Court to represent Mr. Marr.**

8. **On May 9, 2018, this case appeared for an initial pre-trial conference. On this date, Tyler Marr delivered to the Court a handwritten letter requesting alternate counsel, citing as a basis his dissatisfaction with Attorney Gordon. \* \* \***

9. **On May 24, 2018, this case appeared for a second pre-trial conference. On this date, Mr. Marr appeared in open court and withdrew his request for new counsel. Also on this date, Attorney Gordon filed a Motion to Dismiss on Mr. Marr's behalf.**

(Doc. No. 24). The stipulations were signed by both the State and defense counsel.

**{¶11}** On July 9, 2018, trial court filed its entry granting Marr's motion to dismiss. The trial court set forth the issue to be determined as follows.

**The question then arises did the Defendant substantially comply with R.C. 2963.30 and the IAD by his initial handwritten letter in March/April 2017 or the November 17, 2017 facsimile to the prosecuting attorney.**

Case No. 15-18-09

> **If the April 2017 letter substantially complied then the Defendant is beyond time. If November 17, 2017 dated facsimile delivered November 22, 2017 is substantially compliant then 166 days had elapsed on May 9, 2018, when the request for new counsel was delivered to the Court**.

(Doc. No. 26).

**{¶12}** After analyzing some case authority, the trial court conducted the following analysis.

> **In the present case the defendant caused a letter to be delivered to the Court by April 3, 2017** [that] **requested timely disposition of the Defendant's case. That letter included the Defendant's location. The State acknowledges receiving that letter from the Court. The State demonstrates actual knowledge by the July 2017 request to the Indiana prison.**
>
> **In this case the Court and the State had both received the Defendant's request in April 2017, thirteen months before the Defendant's motion to dismiss. Further the State made a request under the State section of the IAD for possession of the Defendant in July 2017. That request was nine months before the Defendant provided his letter requesting a new attorney May 9, 2018.**
>
> **Whether the delay is the fault of the State or the prison authorities in Indiana is not relevant as over a year passed since the prisoner made his request and two lengthy delays ensued between July 2017 and November 2017 and also November 2017 and April 2018 over which the prisoner had no control.**
>
> **∗ ∗ ∗**
>
> **In this case there is no reasonable excuse for the delay from both April 3, 2017 or July 2017 for this defendant to have made available for trial and therefore this case is dismissed.**

(Doc. No. 26).

{¶13} It is from this judgment that the State appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial [court] erred in dismissing case number CR 17-02-021 for failure to bring the matter to trial within 180 days of the date that the court and prosecuting attorney received appellee's letter dated March 28, 2017.**

{¶14} The State argues in its assignment of error that the trial court erred by finding that Marr's April 2017 letter substantially complied with the IAD.

Standard of Review

{¶15} Generally, we review a trial court's decision on a motion to dismiss under an abuse of discretion standard. *See State v. Keenan*, 143 Ohio St.3d 397, 2015–Ohio–2484; *State v. Thompson*, 3d Dist. Logan No. 8-17-06, 2017-Ohio-8686, ¶ 16. However, speedy trial issues present mixed questions of law and fact. *State v. Hemingway*, 8th Dist. Nos. 96699, 96700, 2012–Ohio–476, ¶ 8. Therefore, we apply a *de novo* standard of review to the legal issues but give deference to any factual findings made by the trial court. *Id.* citing *Cleveland v. Adkins*, 8th Dist. Cuyahoga No. 83295, 2004-Ohio-1118, ¶ 5.

The IAD

{¶16} The IAD is codified in R.C. 2963.30. Its provisions relevant to this case read as follows.

**THE INTERSTATE AGREEMENT
ON DETAINERS**

**The contracting states solemnly agree that:**

**Article I**

**The party states find that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trials of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation. Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures. It is the further purpose of this agreement to provide such cooperative procedures.**

**\* \* \***

**Article III**

**(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint: provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by**

**a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner.**

**(b)   The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of corrections or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.**

**(c)   The warden, commissioner of corrections or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him and shall also inform him of his right to make a request for final disposition of the indictment, information or complaint on which the detainer is based.**

**(d)   Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections or other officials having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice, request, and the certificate. If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.**

**(e) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of paragraph (d) hereof, and a waiver of extradition to the receiving state to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending state. The request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement. Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law.**

**\* \* \***

**Article IX**

**This agreement shall be liberally construed so as to effectuate its purposes. The provisions of this agreement shall be severable and if any phrase, clause, sentence or provision of this agreement is declared to be contrary to the constitution of any party state or of the United States or the applicability thereof to any government, agency, person or circumstance is held invalid, the validity of the remainder of this agreement and the applicability thereof to any agreement, agency, person or circumstance shall not be affected thereby. \* \* \***

R.C. 2963.30.

Argument and Analysis.

**{¶17}** Both parties seem to be in agreement that under the IAD, the 180 day speedy trial time period begins to run when Marr substantially complied with the requirements in the IAD. *State v. Thorn*, 7th Dist. Belmont No. 16 BE 0054, 2018-Ohio-1028, ¶ 18, *appeal not allowed*, 153 Ohio St.3d 1441, 2018-Ohio-2834, ¶ 18

(2018), citing *State v. Quinones*, 8th Dist. Cuyahoga No. 86959, 2006-Ohio-4096, quoting *State v. Mourey*, 64 Ohio St.3d 482, 485, 597 N.E.2d 101 (1992). Substantial compliance means the defendant did " 'everything that could be reasonably expected.' " *Quinones* quoting *State v. Ferguson*, 41 Ohio App.3d 306 (10th Dist. 1987).

{¶18} However, the State argues that Marr's letter received by the trial court April, 3 2017, did not substantially comply with the IAD as it was a "blanket demand." (Appt.'s Br. at 8). The State argues that unlike cases where substantial compliance under this statute and similar statutes have been found, Marr's letter was not properly filed with the trial court, that it made no reference to R.C. 2963.30, and that it made no explicit demand for a speedy trial. The State argues that permitting a letter such as Marr's to constitute "substantial compliance" creates a bar too low that could prejudice the State.

{¶19} At the outset of our analysis, we note that the State is fundamentally incorrect in stating that Marr's letter was never properly filed with the trial court. In fact, the State actually stipulated to the trial court that the letter was received by the Van Wert County Common Pleas Court in April of 2017, and that a copy of the letter was thereafter provided to the Van Wert County Prosecutor. The record itself clearly indicates that the letter was filed in the trial court on April 3, 2017. (Doc. No. 4). It is disingenuous for the State to now suggest, multiple places in its brief,

that the letter was not properly filed with the trial court.[2]  Thus its argument on appeal is based, in part, on a faulty premise.

{¶20} Nevertheless, it is true that Marr never specifically cited R.C. 2963.30 in his letter, which would have more clearly invoked the IAD.  However, we disagree with the State's contention that the letter never contained a demand for a speedy trial.  Marr's letter stated, "I would like to move forward with this case and bring about a resolution to it as soon as possible." (Doc. No. 4).  Although the words "speedy trial" were not stated, the phrase used by Marr is undoubtedly closely tied to the principle underlying speedy trial rights.  Despite these seeming contradictions in the State's argument, the State still contends that Marr's letter was not in substantial compliance with the IAD.

{¶21} In *State v. Mourey*, 64 Ohio St.3d 482, 1992-Ohio-32, the Supreme Court of Ohio originally found that substantial compliance with the IAD was sufficient, and held as follows as to what was required for substantial compliance under the IAD.

> **1.    The one-hundred-eighty-day time period set forth in R.C. 2963.30, Ohio's codification of the Interstate Agreement on Detainers, begins to run when a prisoner substantially complies with the requirements of the statute set forth in Article III(a) and (b) thereof.**

---

[2] At page 1 of the State's brief, the State contends, "Although Appellee's letter was never  filed with the court, a copy of the letter was provided to the Van Wert County Prosecuting Attorney."  Then, at page 8 of the State's brief, the State argues, "Although Appellee's letter was never  filed with the court, a copy of the letter was provided to the Van Wert County Prosecuting Attorney."

> **2.    A prisoner substantially complies with the requirements of Article III(a) and (b) of R.C. 2963.30 when he or she causes to be delivered to the prison officials where incarcerated, appropriate notice or documentation requesting a disposition of the charges for which the detainer has been filed against him or her.**

*Mourey* at syllabus.

**{¶22}** However, "[t]he *Mourey* holding that mere delivery of the request to the prison officials satisfies the statute was soon effectively overruled by the United States Supreme Court in *Fex v. Michigan,* 507 U.S. 43, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993)." *State v. Moore*, 3d Dist. Union Nos. 14-14-06, 14-14-07, 14-14-08, 14-14-11, 14-14-12, 2014-Ohio-4879, ¶ 21. Reviewing a Michigan IAD case, the United States Supreme Court held that "the 180–day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer[.]" *Fex* at 52, 113 S.Ct. 1085; *see State v. Ward,* 10th Dist. Franklin No. 02AP–56, 2002-Ohio-4852, ¶¶ 48–49 (recognizing that the *Fex* holding "effectively overruled that portion of *Mourey* "). "Yet, the *Mourey* reasoning and the substantial compliance standard continue to be governing law in Ohio." *Moore* at ¶ 21.

**{¶23}** Cases similar to the facts before us have been analyzed under R.C 2941.401—Ohio's statute regarding *intra*state requests by a prisoner for speedy trial on pending charges. In *State v. Moore*, 3d Dist. Union Nos. 14-14-06, 14-14-07, 14-14-08, 14-14-11, 14-14-12, 2014-Ohio-4879, we found that a defendant had

substantially complied with the requisite statute by sending a letter to the prosecutor requesting speedy trial even though the letter did not have a Warden's certificate or some specific information regarding the defendant's release date. *See also*, *State v. Barrett*, 191 Ohio App.3d 245, 8th Dist. Cuyahoga No. 94434, 2010-Ohio-5139. We found that we could not hold a defendant accountable for a Warden's inaction, and that the letter held enough information to put the State on notice. *Moore* at ¶ 34.

{¶24} Similar to *Moore*, in this case, Marr's letter did more than request speedy trial. His letter clearly identified where he was incarcerated, it had his social security number, his inmate number, and his desire to be transported to face the charges. As the State notes in its brief, "[f]or reasons that are not known, [Marr's] request * * * was not fully processed by the Miami Correctional Facility until November 17, 2017." The trial court also notes that it is unclear whether the State or the prison authorities in Indiana were at fault for the delay.

{¶25} Regardless of fault in this case, undoubtedly, pursuant to the stipulations of the parties, Marr caused his request to be delivered to both the trial court, where it was filed, then later it was received by the prosecutor. The letter contained Marr's request to have the matter resolved as soon as possible, and it contained the information on where Marr was incarcerated. There is also no explanation in the record for the additional delay of roughly one year from the time

of the notification in April of 2017 to Marr's transport to Van Wert for arraignment in April of 2018. Based on the record before us, we cannot find that the trial court's determination that Marr's letter constituted substantial compliance under R.C. 2963.30, and that Marr's speedy trial rights thereunder were violated, was erroneous. Therefore, the State's assignment of error is overruled.

*Conclusion*

{¶26} For the foregoing reasons the State's assignment of error is overruled and the judgment of the Van Wert County Common Pleas is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**