[Cite as *State v. Stansberry*, 2023-Ohio-3212.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO.  14-22-25

      v.

SHAWN ALLEN STANSBERRY,          O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No.  20CR0072

Judgment Affirmed

Date of Decision:   September 11, 2023

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**MILLER, P.J.**

{¶1} Defendant-appellant, Shawn Allen Stansberry ("Stansberry"), appeals the September 27, 2022 judgment of sentence of the Union County Court of Common Pleas. Stansberry argues that his convictions are void because his right to a speedy trial under R.C. 2941.401 was violated. Additionally, he argues the trial court erred when it sentenced him to maximum sentences on the fifth-degree felonies charged against him and also when it ran several of the sentences consecutive to each other. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} On or about January 8, 2020, eight people at seven different residences on State Route 31 discovered that their vehicles had been unlawfully entered into and had items removed. As a result of these incidents, on May 14, 2020, the Union County Grand Jury indicted Stansberry on seventeen counts: seven counts of breaking and entering, pursuant to R.C. 2911.13(B) & (C); seven counts of theft, pursuant to R.C. 2913.02(A)(1) & (B)(2); one count of receiving stolen property, pursuant to R.C. 2913.51(A) & (C); one count of petty theft, pursuant to R.C. 2913.02(A)(1) & (B)(2); and one count of theft of drugs, pursuant to R.C. 2913.02(A)(1) & (B)(6). The breaking and entering, theft, and receiving stolen property counts were felonies of the fifth degree; the petty theft count was a misdemeanor of the first degree; and the theft of drugs count was a felony of the

third degree. At the time the indictment was issued, Stansberry was an inmate at the Multi County Correctional Center in Marion, Ohio. He was subsequently transferred to the custody of the Ohio Department of Rehabilitation and Correction to serve an unrelated prison term.

{¶3} On August 31, 2020, Stansberry signed two documents pertaining to his right to a speedy trial: a Notice of Place of Imprisonment and Request for Disposition of Indictments, Information or Complaints, as well as a Notice of Untried Indictments, Information or Complaint and Rights to Request Disposition. These documents indicated that Stansberry was currently imprisoned and was making a request, pursuant to R.C. 2941.401, for disposition of any untried indictment, information, or complaint. Additionally, the Record Office of the Ohio Department of Rehabilitation & Correction prepared a letter addressed to the prosecuting attorney, which indicated that Stansberry was imprisoned for an offense in Wood County case number 2020CR0028 and the "End of Definite Sentence Date" was April 13, 2021 (which was 225 days from the date of the letter).

{¶4} The two notices and letter to the prosecutor were received by the clerk of courts and filed stamped on September 4, 2020. Thereafter, Stansberry was arraigned and the matter was scheduled for a pretrial conference. At the December 9, 2020 pretrial hearing, the court set February 22, 2021 as the trial date. However, on February 17, 2021, at a pretrial hearing without Stansberry present, Stansberry's

counsel requested both a continuance of the trial date and a further pretrial hearing to take place on March 17, 2021. The trial court granted the request. Specifically, the Journal Entry from February 17, 2021 states, in part:

> [Stansberry's counsel] informed the Court that the matter is not resolved and he is working with the bailiff to coordinate a Zoom meeting with the defendant at the institution [at which Stansberry was incarcerated]. [Stansberry's counsel] requested that the Jury Trial scheduled on February 22 & 23, 2021 be continued and a further Pretrial hearing be scheduled on March 17, 2021 at 11:45 A.M. The State did not oppose. [Counsel for the State] informed the Court that the defendant's release date is March 20, 2021. The Court Granted said oral request.

(Feb. 17, 2021 Journal Entry). As referenced in the briefing and during oral argument, the COVID pandemic during this time was causing scheduling challenges for both prison and court administration. (*See, e.g.,* Appellee's Brief at 5).

{¶5} It is unclear from the record whether the March 17, 2021 pretrial hearing actually took place. On March 29, 2021, by hearing notice, the court scheduled another pretrial hearing for April 13, 2021. However, Stansberry, who had been released from prison, failed to appear at this pretrial hearing. Between April of 2021 and March of 2022, two arrest warrants had to be issued to compel Stansberry's attendance at court proceedings.

{¶6} On March 16, 2022, after being arrested on the bench warrant, Stansberry changed his plea to guilty on 16 of the counts against him, with the State dismissing the count for theft of drugs. Stansberry was placed into an intervention

in lieu of conviction ("ILC") program. However, on June 9, 2022, the trial court held a hearing and found that Stansberry violated the conditions of the ILC program. The trial court ordered Stansberry's Intervention in Lieu be terminated and found Stansberry guilty of the 16 counts. The trial court also ordered a presentence investigation report ("PSI") be completed and provided to the court.

{¶7} On September 27, 2022, the trial court held a sentencing hearing. The judge sentenced Stansberry to 12 months in prison for each count of breaking-and-entering, theft, and receiving stolen property, as well as 180 days in jail for the count of petty theft. The judge ordered the 12-month sentences for one count of theft and for each of the seven breaking-and-entering counts run consecutively, one after another, for an aggregate prison term of 96 months. The court then ordered the sentences for all other counts run concurrently to this prison term. That same day, the trial court filed its journal entry of sentence. This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶8} Stansberry filed his notice of appeal with the trial court on November 29, 2022. He raises two assignments of error for our review:

**First Assignment of Error**

**Appellant's convictions are void because the State did not bring him to trial or otherwise resolve the case within 180 days pursuant to ORC 2941.401, as Appellant properly put the State on notice he was incarcerated and requested disposition of untried indictments.**

-5-

## Second Assignment of Error

**The trial court erred when it sentenced Appellant to maximum sentences on the fourth and fifth degree felonies and further erred when it ran the three sentences consecutive.**[1]

## III. DISCUSSION

### A. First Assignment of Error

{¶9} In his first assignment of error, Stansberry asserts that his convictions are void because his right to a speedy trial pursuant to R.C. 2941.401 was violated. He argues that, applying R.C. 2941.401, "the trial court lost jurisdiction in this case after 180 days lapsed from the time Mr. Stansberry's notice was filed with the court and served on the prosecuting attorney, and anything that occurred after that date is ineffective, as the court lost jurisdiction, whether it was raised by Mr. Stansberry or not." (Appellant Brief at 4). Stansberry requests that we reverse the trial court's decision and vacate his conviction.

#### i. Standard of Review

{¶10} "[S]peedy trial issues present mixed questions of law and fact." *State v. Marr*, 2018-Ohio-5061, 126 N.E.3d 333, ¶ 15 (3d Dist.). "[W]e apply a *de novo* standard of review to the legal issues but give deference to any factual findings made by the trial court." *Id.*

---

[1] Subsequently in his appellate brief, Stansberry corrected his reference to a fourth-degree felony (all of the felonies were fifth-degree felonies) and his reference to "three" sentences running consecutively (the trial court ran eight sentences consecutively). (*See, e.g.,* Appellant's Brief at 7; Indictment; Sept. 27, 2022 Journal Entry).

### ii. Applicable Law

**{¶11}** "'In Ohio, the right to a speedy trial is implemented by statutes that impose a duty on the state to bring the defendant to trial within a specified time.'" *State v. Irish*, 2019-Ohio-2765, 140 N.E.3d 209, ¶ 11 (3d Dist.), quoting *State v. Melampy*, 12th Dist. Brown No. CA2007-04-008, 2008-Ohio-5838, ¶ 9. "Ohio's 'general' speedy-trial statutes are contained in R.C. 2945.71 et seq." *Id.* at ¶ 12. "Conversely, R.C. 2941.401 is a 'specific' speedy-trial statute applicable only to defendants who are imprisoned in correctional institutions in the State of Ohio and facing charges for crimes separate from those for which they are already imprisoned." *Id.* at ¶ 13. When applicable, each of these speedy-trial statutes is mandatory and "must be strictly complied with by the trial court." *Id.*

**{¶12}** This Court has held that, "when a person who is imprisoned in an Ohio correctional institution is charged with a crime separate from the crime for which they are imprisoned, R.C. 2941.401 applies to the exclusion of R.C. 2945.71." *Irish* at ¶ 17; *see also* R.C. 2945.71(F). "'In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term.'" *Irish* at ¶ 13, quoting *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 25. Specifically, the statute states, in relevant part:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

* * *

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

R.C. 2941.401.

{¶13} Therefore, the running of the speedy-trial clock may be temporarily stopped, *i.e.*, tolled, if the court grants a continuance in accordance with the statute. *Id.*; *State v. Shepherd*, 11th Dist. Ashtabula No. 2003-A-0031, 2004-Ohio-5306, ¶ 16-17, fn. 3 (defendant's counsel's request for a continuance, which the trial court granted, tolled the speedy trial time under R.C. 2941.401).

{¶14} Importantly, the statute only applies in a specific situation. "R.C. 2941.401 expressly limits its application to those individuals who enter a term of

imprisonment and remain in prison during the pendency of the untried case." *State v. Hemingway*, 8th Dist. Cuyahoga Nos. 96699 and 96700, 2012-Ohio-476, ¶ 20; *see also Irish*, 2019-Ohio-2765, at ¶ 13 (R.C. 2941.401 is "applicable only to defendants who are imprisoned in correctional institutions in the State of Ohio and facing charges for crimes separate from those for which they are already imprisoned"). Therefore, if a person is released from prison, then R.C. 2941.401 no longer applies and the person no longer has the right to be brought to trial within the 180-day period. R.C. 2941.401; *Hemingway* at ¶ 20-21; *Cleveland Hts. v. Coleman*, 2021-Ohio-846, 169 N.E.3d 298, ¶ 10-11 (8th Dist.) (defendant's "release negated his right to be brought to trial within the 180-day period"; "an offender who has been released from the term of imprisonment during the 180-day period is no longer in the class of persons covered by R.C. 2941.401"). Instead, "[o]nce an offender is released from the term of imprisonment even after initially invoking R.C. 2941.401, his statutory speedy trial rights are governed by R.C. 2945.71 and the extensions permitted under R.C. 2945.72." *Cleveland Hts.* at ¶ 20; *see also State v. Beverly*, 4th Dist. Ross No. 04CA2809, 2005-Ohio-4954, ¶ 8, 14 (defendant's "status changed" when he "was released from prison and was held in a county jail solely on the pending charges," such that "the general speedy trial statute, R.C. 2945.71, rather than the specific speedy trial statute, R.C. 2941.401," applied); *State v. Clark*, 12th Dist. Warren No. CA2007-03-037, 2008-Ohio-5208, ¶ 37; *State v. Harris*, 2d

Dist. Montgomery No. 29379, 2023-Ohio-648, ¶ 15. Stansberry acknowledges that, "once an individual is released from prison the application of ORC 2941.401 becomes moot and the speedy trial provisions of R.C. 2945.71, et seq. kick in." (Appellant's Brief at 7, citing *Hemingway* at ¶ 21).

### iii. Analysis

**{¶15}** The parties agree that the 180-day speedy trial clock under R.C. 2941.401 started running on September 4, 2020 and that 180 days from that date was March 3, 2021. However, two events impacted the running of that clock and, ultimately, result in overruling the first assignment of error.

**{¶16}** First, at the pretrial hearing on February 17, 2021, Stansberry's counsel explained that he was trying to coordinate a meeting with his client, who at that time was incarcerated in a state prison during the COVID-19 pandemic. He requested the court continue the trial and schedule a further pretrial hearing to take place on March 17, 2021. (Feb. 17, 2021 Journal Entry). The trial court granted the request. (*Id.*). Therefore, the time to bring the case to trial under R.C. 2941.401 was tolled starting on February 17, 2021. R.C. 2941.401 (subjecting the running of the 180-day period to an exception for any necessary or reasonable continuance granted by the court for good cause shown in open court); *Shepherd*, 2004-Ohio-5306, at ¶ 16-17, fn. 3; *State v. Austin*, 5th Dist. Fairfield Nos. 18-CA-18 and 18-CA-31, 2019-Ohio-686, ¶ 42, 49 (joint motion for continuance tolled the

defendant's speedy trial time under R.C. 2941.401); *State v. Rodano*, 8th Dist. Cuyahoga No. 53804, 1988 WL 37955, *2 (Apr. 14, 1988). By that time, 166 days had elapsed under R.C. 2941.401—from September 4, 2020 through February 17, 2021.

{¶17} The record is completely devoid of any indication whether the March 17, 2021 pretrial hearing actually took place or what happened on that date. Regardless of whether there was a pretrial hearing, we find Stansberry's speedy trial right was not violated. The period of time between February 17, 2021 and (at least) March 17, 2021 is not counted against the State for purposes of the 180-day speedy-trial timeframe.

{¶18} Second, Stansberry was released from prison on March 20, 2021. Stansberry asserts that "[t]here is no evidence in the record indicating when Mr. Stansberry was actually released from prison, although the State commented that it believed he was to be released on March 20, 2021 during the pre-trial conducted on February 17, 2021 and noted in the court's journal entry, although this was just a comment from the prosecutor, not backed up by any documentation in support of that date." (Appellant's Brief at 6-7). However, Stansberry is mistaken. There is evidence in the record that indicates when he was released from prison. The Presentence Investigation Report, which was prepared in 2022, confirms the prosecutor's statement that Stansberry was released on March 20, 2021.

{¶19} Therefore, as in *Hemingway*, Stansberry was released from prison while the charges in this case remained pending. *Hemingway*, 2012-Ohio-476, at ¶ 20-21. Although by all accounts Stansberry properly invoked his speedy trial right pursuant to R.C. 2941.401 (the parties do not dispute this), once he was released from prison prior to expiration of the 180-day time limit, his speedy trial right on the charges pending was no longer governed by R.C. 2941.401. *Id.*; *Cleveland Hts.*, 2021-Ohio-846, at ¶ 10-11; *Beverly*, 2005-Ohio-4954, at ¶ 14. Instead, it was governed by R.C. 2945.71, which generally provides that a defendant charged with a felony be brought to trial within 270 days.[2] *Cleveland Hts.*, 2021-Ohio-846, at ¶ 20; *Beverly*, 2005-Ohio-4954, at ¶ 8.

{¶20} Thus, Stansberry's speedy-trial right under R.C. 2941.401 was not violated. Even assuming that the continuance ceased on March 17, 2021, the speedy-trial calculation shows that less than 180 days elapsed under the statute:

9/4/2020 until 2/17/2021 (continuance granted) – 166 days.

*2/17/2021 until 3/17/2021 – 28 days tolled.*

3/17/2021 until 3/20/2021 (release from imprisonment) – 3 days.

166 days + 3 days = 169 total elapsed days.[3]

---

[2] Stansberry does not raise any potential violation of R.C. 2945.71 or of his constitutional right to a speedy trial.

[3] The record shows, on September 18, 2020, Stansberry filed a request for the State to provide discovery and a bill of particulars, and the State responded on October 2, 2020. Courts have held that the factors set forth in R.C. 2945.72 for tolling time are applicable to R.C. 2941.401. *See, e.g., State v. Smith*, 140 Ohio App.3d 81, 87, 746 N.E.2d 678 (3d Dist. 2000), fn. 1; *Austin*, 2019-Ohio-686, at ¶ 46 (collecting cases). "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus; *see also State v. Hall*, 6th Dist. Ottawa No. OT-16-

Stansberry argues that, "[a]s a result of [his] request for a continuance until March 17, 2021," the deadline to bring him to trial was moved "to on or about March 25, 2021," yet, "[o]n that day, he had not been tried on the indictment, and pursuant to Ohio Revised Code Section 2941.401, the court immediately lost jurisdiction and anything that happened subsequent to that date is void." (Appellant's Brief at 6). Although we disagree with Stansberry regarding what the deadline to bring him to trial would have been, the deadline had not passed before he was released from prison on March 20, 2021—even under Stansberry's calculation.

{¶21} Stansberry's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶22} In his second assignment of error, Stansberry contends the trial court made errors in sentencing. He argues that "the record does not 'clearly and convincingly' support the court's findings [pursuant to R.C. 2929.14(C)(4)] and that the consecutive sentencing is contrary to law." (Appellant's Brief at 8). He goes on to contend that "the record does not support maximum or consecutive sentences, and the sentence imposed by the court is disproportionate to similar sentencing." (*Id.* at 12).

---

026, 2017-Ohio-2577, ¶ 14, 28 (pursuant to R.C. 2945.72(E), defendant-appellant's request for discovery tolled the 180-day time period under R.C. 2941.401). Therefore, although no party raised the issue on appeal, the 180-day time period would also be tolled for that 14-day period from September 18 to October 2, resulting in only 155 total elapsed days.

### i. Standard of Review

**{¶23}** An appellate court deciding an appeal based on felony sentencing "shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under [R.C. 2953.08] or may vacate the sentence and remand the matter to the sentencing court for resentencing." *Id.* However, the appellate court may take such action only "if it clearly and convincingly finds" either (a) in cases where the sentencing court made findings under R.C. 2929.13(B), R.C. 2929.13(D), R.C. 2929.14(B)(2)(e), R.C. 2929.14(C)(4), or R.C. 2929.20(I) (only), "the record does not support the sentencing court's findings under" that statutory subsection; <u>or</u> (b) "[t]hat the sentence is otherwise contrary to law." *Id*.

**{¶24}** Thus, an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. Clear and convincing evidence is the measure or degree of proof that "'will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. It requires more than a preponderance

of the evidence, but less than the extent of proof beyond a reasonable doubt required for conviction in criminal cases.[4] *Id.*

### ii. Applicable Law Regarding Maximum Sentencing

{¶25} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Johnson*, 2021-Ohio-1768, 173 N.E.3d 94, ¶ 9 (3d Dist.), quoting *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9. "A sentence imposed within the statutory range is not contrary to law as long as the trial court considered the purposes and principles of felony sentencing contained in R.C. 2929.11 and the sentencing factors contained in R.C. 2929.12." *Id.*; *see also State v. Perry*, 2018-Ohio-1760, 111 N.E.3d 746, ¶ 15 (8th Dist.) ("[a] trial court has full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.").

{¶26} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those

---

[4] If we were to apply the standards from the Ohio Supreme Court's relatively recent opinion in *State v. Gwynne*, 2022-Ohio-4607 (issued on December 23, 2022 in case number 2021-1033), then the result of this particular appeal would be the same: overruling the second assignment of error. However, a motion for reconsideration was filed in *Gwynne* on January 3, 2023, and that motion is still pending as of the date of our opinion in this case.

purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶27} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Johnson* at ¶ 11. In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). A sentencing court "has the discretion to determine the weight to assign a particular statutory factor." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶28} R.C. 2953.08(G)(2) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by

the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)." *Id.* at ¶ 28. An appellate court errs if it "conclud[es] that R.C. 2953.08(G)(2)(a) provides a basis for an appellate court to modify or vacate a sentence based on [a] lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29. And, "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32.

### iii. Analysis for the Maximum Sentences Imposed

{¶29} We have reviewed the record, including the findings underlying the sentence given by the sentencing court. R.C. 2953.08(G)(2). As set forth above, the trial court sentenced Stansberry to 12 months in prison for each count of breaking-and-entering, theft, or receiving stolen property, as well as 180 days in jail for the count of petty theft. (Sept. 27, 2022 Journal Entry). Stansberry argues that the trial court erred when it sentenced him to a maximum sentence on the fifth-degree felonies. We respectfully disagree.

{¶30} The trial court's sentences for the individual counts were each within the statutory range. R.C. 2929.14(A)(5); R.C. 2929.24(A)(1). Stansberry does not argue otherwise. Additionally, the record reflects that the trial court considered the

applicable statutory policies that apply, including those in R.C. 2929.11, and the sentencing factors of R.C. 2929.12. (Sept. 27, 2022 Journal Entry at 5, 7-8; Sept. 27, 2022 Tr. at 10-11). Therefore, because Stansberry's sentence is within the applicable statutory range and the record supports that the trial court fulfilled its obligation of considering R.C. 2929.11 and 2929.12, Stansberry's individual sentences—including the maximum sentences on each of the felonies of the fifth degree—are not contrary to law. *See Johnson*, 2021-Ohio-1768, at ¶ 13-14; R.C. 2953.08(G)(2).

### iv. Applicable Law Regarding Consecutive Sentences for Felonies

**{¶31}** When a person is sentenced to imprisonment for having committed multiple offenses, the presumption is that those sentences will be imposed concurrently, not consecutively. R.C. 2929.41(A). However, R.C. 2929.14(C) provides an exception:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶32} Thus, R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before it may impose consecutive sentences. *Id.*; *see also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 36-37. First, the court must find "that the consecutive service is necessary to protect the public from future crime or to punish the offender." R.C. 2929.14(C)(4). Second, the court must find "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Third, the court must find at least one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*

{¶33} Additionally, in order to impose consecutive terms of imprisonment, "a trial court must state the required findings [from R.C. 2929.14(C)(4)] at the sentencing hearing" and also "incorporate the statutory findings into the sentencing entry." *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing

*Bonnell* at ¶ 29. However, the trial court "has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37. "Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.*

### v. Analysis for the Consecutive Sentences Imposed

{¶34} Again, the trial court ran the 12-month sentences for one count of theft and for each of the seven breaking-and-entering counts consecutively, one after another, and it ran the remaining sentences concurrently to that prison term. This resulted in an aggregate imprisonment term of 96 months.

{¶35} Stansberry argues that "the record does not 'clearly and convincingly' support the court's findings [at sentencing pursuant to R.C. 2929.14(C)(4)] and that the consecutive sentencing is contrary to law." (Appellant's Brief at 8). However, setting aside Stansberry's misstatement of the standard under R.C. 2953.08(G)(2), we do not "clearly and convincingly" find either that the sentencing court's findings under R.C. 2929.14(C)(4) are unsupported by the record or "[t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2).

{¶36} At the sentencing hearing, the trial court stated:

The Court finds that the PSI writer found that the defendant had an ORAS score of 35. And that's – that the PSI writer further found that the defendant was out on bail before trial or sentencing and under a felony court sanction or under post release control or parole and [sic] the offenses were committed. That he has a prior adjudication of delinquency or history of criminal convictions. That he has failed to

-20-

respond favorably in the past to sanctions imposed for criminal convictions. That he's demonstrated a pattern of drug abuse or alcohol abuse related to the offense and refuses to acknowledge the pattern and refuses treatment and shows no remorse for the offenses.

The Court finds that the shortest prison term would demean the seriousness of the offense and would not protect the public and that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and are not disproportionate to the seriousness of the defendant's conduct and to the danger that the defendant poses to the public. The Court further finds that the offender committed one or more of the multiple offenses while he was awaiting trial or sentencing. Was under a sanction imposed pursuant to Revised Code Section 2929.16, 17, or 18 of the Revised Code or was under post release control for a prior offense. The Court further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct. And that the harm caused by two or more of the multiple offenses so committed were so great or usual [sic] that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. The Court further finds that the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

(Sept. 27, 2022 Tr. at 11-12). The trial court also noted that Stansberry had numerous prior felony convictions as an adult. (*Id.* at 9). A review of the detailed information contained in the PSI, including the factual basis of the instant case, demonstrates Stansberry's extensive criminal history and Ohio Risk Assessment Score of "35. Risk Level Very High." That criminal history includes prior convictions for theft—one of the crimes in this case. Stansberry even told the judge at his sentencing hearing: "I know every time you see me, to respect honesty,

-21-

you've seen me in stripes. You've never seen me in clothes." (Sept. 27, 2022 Tr. at 7).

**{¶37}** Additionally, the PSI indicates that the crimes in this case all occurred on or around January 8, 2020. Stansberry had been placed on two years of community control on June 6, 2018 and on two years of probation on January 14, 2019. The crimes in this case involved eight victims at seven different residences on the same road. (*See also* Sept. 27, 2022 Tr. at 6, 12 (trial court noting that there were eight separate victims)).

**{¶38}** Ultimately, the record reflects that the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences, and the trial court incorporated those findings into its sentencing entry. (Sept. 27, 2022 Tr. at 11-12; Sept. 27, 2022 Journal Entry at 5, 7-10.) As shown above, in addition to making the first and second required findings under R.C. 2929.14(C)(4), the trial court found that R.C. 2929.14(C)(4)(a), (b), and (c) each applied, despite the statute only requiring a finding that one of those three subsections apply before imposing consecutive sentences. We find no error in the trial court's consecutive sentencing. R.C. 2953.08(G)(2) and 2929.14(C)(4); *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29, 36-37.

**{¶39}** Stansberry's second assignment of error is overruled.

## IV. CONCLUSION

**{¶40}** For the foregoing reasons, Stansberry's assignments of error are overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**